# Executors of John Morris, *against* Executors of James M'Conaughey.

Bond accompanying a mortgage, and suit brought on it, court will not prevent the plaintiffs from levying on what lands they please; but when the money is brought into court, they will decide how it shall be disposed of, and who shall make contribution.

This case came before the court on a statement of facts for their direction, on the application of the defendants. The facts stated were,—that James M'Conaughey had in his life time executed a bond to John Morris on the 17th January 1777, conditioned for the payment of 400l. and interest, and also a mortgage of certain lands in Chester county; that the said bond and mortgage had been assigned on the 5th May 1785, to Richard Hill Morris, by one of the executors of the said John, in payment of a legacy devised to him by the said John, and by him assigned to Joseph Darlington, and Mary, his wife; that the said James had died, having made his last will and testament, dated 8th December 1779, and therein had devised his real estate, consisting of eight tracts of land in Chester county, to his mother, Janet M'Conaughey; that the said Janet died in 1780, and by her will had devised the mortgaged premises to the said Mary Darlington for life, with power to dispose of the same at her decease; and that the executors of the said Janet, *in pursuance of the powers [*10 given to them by her will, had sold two of the said tracts for payment of his debts.

[Morris' Exrs. v. McConaughey.]

The defendants, in behalf of themselves and the other devisees of the said Janet M'Conaughey, moved the court for their direction, that the sheriff of Chester county should levy on the mortgaged premises alone, the same being bound peculiarly for the payment of this debt.

It was contended that in this suit, the plaintiffs were not to be considered as creditors of the deceased James, inasmuch as they were fully paid and satisfied: That the mortgaged premises were about to be sold, and the said Joseph Darlington had paid the 400l. legacy devised to him, (to secure the payment whereof this bond had been assigned to him) and procured the assignments to himself, and Mary his wife, and the suit was now kept up for their benefit. Courts of law in this state, exercise, in many instances, full chancery powers, though they differ in the mode of relief. They would effect in substance what a court of equity would do, under all the circumstances of the case. James M'Conaughey had, in his life time, mortgaged the land, which passed to the different devisees, *sub onere*. Browns Cha. Rep. 58, 454. Husband and wife cannot be joint tenants of a chattel interest in possession, yet they may be of a chose in action as of the bond and mortgage in question. If a statute be acknowledged, or obligation be made to baron and feme, it will survive on the death of the baron to the feme. 3 Bac. Abr. 191. 2 Vern. 683. 1 Rol. Abr. 342. On the settlement of the administration account of the executors of James M'Conaughey before the register of Chester county, on the 6th July 1789, there appeared a balance of 1280l. 2s. 5d. due to the said executors; and that Mrs. Darlington, being a devisee under the will of Janet, could not be considered as a creditor under the will of James her son. Neither of the wills had directed out of what funds the debts should be paid; and in the case of a mortgage given by one ancestor, the personal estate of the heir is not liable, nor the natural fund for paying it, unless the same is specially provided for.

The plaintiff's counsel in their answer divided the question before the court into two points: 1st. Whether the creditors had not a right to levy on the whole of the lands for the payment of their debt. 2d. What fund is liable for this debt.

As to the first point it was said, that the plaintiffs had here a legal advantage, which no court of law or equity would take from them. Where two have equal equity, and one has an advantage at law, no court will ever interpose against him. Salk. 450. The money which went in discharge of Richard Hill Morris's legacy was Joseph Darlington's, not his wife's. The mortgaged premises were devised to her for life, with power of disposal by will after her death. Bono given to baron and feme, baron may sue alone without his wife. 4 Vin. Abr. 75. 2 Mod. 217. 3 Lev. 403. In chancery, where one fund pays moneys charged on another, relief will be

[Morris' Exrs. *v.* McConaughey.]

granted. The plaintiffs, as creditors of James M'Conaughey, have nothing to do with the disputes between the devisees of Janet his mother. Will the court in this instance confine the remedy of the creditors, or narrow their security? The mortgage is but a collateral security; by taking it, the creditor does not relinquish his obligation. Both may be sued at the same time, though it is agreed there can be but one satisfaction. Equity will marshal assets between creditors only. The situation of the plaintiffs might be different possibly, if Joseph Darlington came to seek relief from the court, upon his wife's lands being levied on. Cases of this kind here differ from those in England. There the lands of a deceased person are not liable for the payment of debts, unless by special provision. In Pennsylvania, every debt due from him, is a lien on his real estate. In England, lands are only chargeable in the hands of the heir: when he sells them they are discharged from the debt, though he may be insolvent. Janet took all her son James's lands under his will, but subjected to the payment of his debts.

Under the 2d point it was urged, that where one seized of three acres, acknowledges a recognizance and enfeoffs one acre to A. and one acre to B. and the other acre descends to his heir, who pays the recognizance, he shall not have contribution. 3 Co. 12 and 13. Where there are bond and simple contract creditors, and the first sweep away all the personal estate, equity will not interfere, so as to narrow their security; but when satisfied, they shall assign their judgments to the other creditors. Gilb. Cas. in Chanc. 306. Mortgagee may have satisfaction out of any fund, but this will not vary the right of the heir. 2 Atk. 436. At law a creditor may go on any fund. 2 Equ. Cas. Abr. 493, pl. 4. Lands bound to pay debts, heir shall be obliged to pay them. 2 Equ. Cas. Abr. 506, 604, pl. 35. Creditor at law may sue the heir notwithstanding the personal estate is assets, and equity will not interfere with him. 2 Atk. 426. Where lands are generally charged with the payment of debts and legacies, there is no marshalling of assets, and simple contract debts come in equally with specialties. 2 Equ. Cas. Abr. 325, 375. 2 Wms. 386. 4 Vin. 467. pl. 2.

*The executors of Janet M'Conaughey are residuary    [*12 devisees under her will, and as the lands devised to Mrs. Darlington were not subjected thereby to the mortgage, it is presumable that the residuary legatees were intended to bear that burthen. The testatrix certainly intended something beneficial to her, as a near relation. Her intention must be collected from a variety of circumstances. In England, the equity of redemption is considered in chancery as assets for payment of debts. 2 Atky. 436. If this rule was to be extended to the present instance, Mrs. Darlington would get nothing. There is a difference between devises to

[Morris' Exrs. *v.* McConaughey.]

executors and strangers, where real estate is devised subject to the payment of debts, and where property is devised to executors, there such executors shall pay the debt. 4 Vin. 457 pl. 11.—459. 2 Vin. 143. Could not the plaintiffs have levied on the personal estate for their debt, and what relief would the executors have had in such a case? Other cases were also cited. 2 Equ. Cas. Abr. 370 pl. 10. 4 Vin. 456. Wms. 730.

*Per Curiam.* We see no reason for the courts interfering in this business in its present stage, or preventing the plaintiffs from levying as they please: but when the money is brought into court, we can decide how it shall be disposed of, if there is a dispute. We can then judge who shall make contribution, and to what amount, according to the value of their several devises.

Messrs. Bradford and Sergeant, *pro quer.*

Messrs. Lewis and Wilcocks, *pro def.*

Explained in 1 Y., 245, as being based on the principle that lands though devised, continue assets for the payment of the testator's debts, in case of a deficiency of personal property.

"Cited in Presbyterian Corp. v. Wallace, 3 Rawle, 148, where Huston, J. said:

"Every mortgage is accompanied by a bond or note. This bond or note may be sued, and judgment obtained on it. Suppose land sold on execution subject to a mortgage; then it will not bring so much as if sold clear of the mortgage, by the amount of the debt secured by the mortgage; but the mortgagee is not bound to proceed on his mortgage; he may proceed to get, or may have got judgment on his bond, and on it proceed to sell the personal estate of the debtor. No court has, and no court can interfere to prevent him. A court of law cannot, nor a court of equity, unless he is so situated as to be obliged to ask their assistance. A purchaser may then buy subject to the mortgage; may not have to pay that mortgage, and the debtor or his other creditors cannot compel the purchaser to pay the amount of the mortgage, or any part of it to them."