# Ziegler *against* Long.

2w 205
f197 149
2 W  205
33 SC ¹  9

A purchaser of real estate from one who holds different tracts of land is not bound to retain out of the purchase money the amount of a judgment which was a lien on the lands, if the other lands of the vendor be sufficient to pay such judgment.  And if the plaintiff in such judgment levy on the land thus sold, and the purchaser pay it and take an assignment of it, he may recover the same out of the other lands of the vendor, in preference to another who obtained his judgment against the same defendant subsequently to the date of the purchase.

If the land were purchased subject to such judgment, or the price reduced in consequence of its existence, such assignment to the purchaser would be invalid, and he would not be entitled to have the proceeds of the sale of the other lands in preference to other judgment creditors.

ERROR to the district court of *Lancaster* county.

This was an issue directed by the court to try the rights of the parties to the proceeds of the sale by the sheriff of the real estate of Martin Long.  Jacob Long was made plaintiff, and Conrad Ziegler's executors defendants.

Previously to 1821, Martin Long was the owner of several tracts and lots of land, upon which a judgment against him at the suit of Jacob Hoffman was a lien.  On the 21st of March 1821, Martin Long conveyed one of the tracts of land, two hundred acres, to Conrad Ziegler for 12,084 dollars.  In 1822 Jacob Long, the plaintiff, and others obtained judgments against Martin Long which were liens upon his remaining lands.  In December 1821 Jacob Hoffman issued a *fieri facias* on his judgment, and levied on the two hundred acres sold to Ziegler; a motion was then made to set aside this execution, which was twice argued and held under advisement, and not finally disposed of until 1826, when the rule was discharged.  A *venditioni exponas* then issued, and Conrad Ziegler paid the money and took an assignment of the judgment.  Upon the judgments of Jacob Long and others entered in 1822, executions were issued and levied upon the real estate of Martin Long, upon which they were liens, and it was sold; the money brought into court for appropria-

tion; and this issue joined between Jacob Long and Conrad Ziegler's executors, to try whether the judgment creditors of 1822 or Conrad Ziegler, by virtue of Jacob Hoffman's judgment assigned to him, were entitled to the money.

The subscribing witnesses to the deed from Martin Long to Zeigler were called, who said that they had seen no money paid on the execution of the deed; and some parol evidence was given to show that the land was worth more than 60 dollars an acre, the consideration mentioned.

*Parke*, for plaintiff in error, contended, that the defendant below had a legal lien upon the lands sold, and a superior equity to the plaintiff; and cited, Gill *v.* Lyon, 1 *Johns. Chan.* 447; Nailer *v.* Stanley, 10 *Serg. & Rawle* 450; Fleming *v.* Beaver, 2 *Rawle* 128; Clowes *v.* Dickinson, 5 *Johns. Chan.* 235.

*Jenkins*, for defendant in error. The assignee can have no legal or equitable right which would not have been in the assignor; he therefore having a lien upon the two hundred acres and also the other lands, and the plaintiff below only having a lien upon the latter, equity would not permit Hoffman himself to abandon his levy and lien on the two hundred acre tract, and resort to that fund upon which alone the plaintiff had a lien. M'Dermott *v.* Strong, 4 *Johns. Chan.* 682. But the plaintiff in error has not the same right which Hoffman would have had; for when he purchased the land, he knew he was purchasing it subject to the lien of this judgment. If he designed to resort to other lands, he should, within a reasonable time, have applied to set aside the levy on his lands, and compel the plaintiff to levy upon those other lands which were yet the property of the defendant. 2 *Williams's Saund.* 9, 10; *Cro. Jac.* 506.

The opinion of the Court was delivered by

SERGEANT, J.—The principle of equity is well settled, that where a party has two funds from which he can satisfy his debt, and another creditor has a lien posterior in point of time on one of the funds only, the first creditor will be compelled to resort to that fund which the junior creditor cannot touch, in order that the junior creditor may avail himself of his only security. 19 *Johns. Rep.* 486. And if Ziegler and J. Long, who are here the contending claimants, stood simply in this relation, the latter ought to be preferred as to the money in court. But this principle must be employed, like all other rules of equity, to the attainment of justice: it is not to be used to overthrow the equity of another person, and thus work injustice. Now if Ziegler paid the whole consideration money for the land which he bought of M. Long, (a fact concerning which I say nothing, because it has not yet been decided) it would be manifestly unjust to Ziegler that Hoffman's debt should be paid out of that land, because this would oblige Ziegler to pay that amount a second

[Ziegler v. Long.]

time.    He stands before us in the light of a *bona fide* purchaser, and as such is entitled to protection.    For knowing that the first judgment was a prior lien on all the lands of Martin Long, he had a right to conclude that Martin's other lands would pay Hoffman's judgment, and thus relieve his land from the existing lien.    A prior purchaser of lands bound by judgment, is not bound, in any respect, to aid a subsequent purchaser from the debtor, in case the lands of the latter are sold to pay the judgment.    The latter stands in the place of the debtor himself, who could not have contribution or relief, but must pay his debts from his own property.    Nailer *v.* Stanley, 10 *Serg. & Rawle* 450.    On the other hand, the prior purchaser is entitled to relief, if his land is first charged ; and if Ziegler really paid the whole consideration money, he could have gone into a court of equity, where such a court exists, and have compelled Hoffman to take his judgment out of the proceeds of sale of M. Long's other lands, or, on paying the amount, to assign it to him, to enable him to substitute himself as judgment creditor, and levy from other lands the amount thus paid.    In the present instance, Ziegler has done exactly this.    He has paid Hoffman his judgment, and taken an assignment of it, thus effecting by voluntary arrangement what a court of equity would decree : and he has a right to call on the aid of the court for the rest, by ordering him the amount from the moneys paid into court.    His equity, then, as a purchaser, is superior to that of J. Long as a creditor : and he has the prior lien at law by the assignment of Hoffman's judgment.

Other grounds have been taken as objections to the claims of Ziegler.    It is alleged, that Hoffman's proceeding to a levy and condemnation and *venditioni exponas* of the land purchased by Ziegler, amounted to an election of that fund, which he or his assignee cannot relinquish.    I will not say that a judgment creditor who has proceeded so far, can, at his will and pleasure, desert his process, and adopt a different course against his debtor.    But when by other sales money is brought into court to which the plaintiff is entitled, by having the first lien and the prior equity (as it is assumed, at present, Ziegler is), he may waive that proceeding and receive the money.

It is objected, that there was *laches* in Hoffman in not applying for the money at an early day ; and also in Ziegler, in not moving the court to set aside the levy on his land, and direct Hoffman's execution to be levied on other land of M. Long.    To this it is answered by the plaintiffs in error, and I think satisfactorily, that by a rule to show cause, (on whose behalf does not appear) Hoffman's judgment and execution were suspended until February 1826, when the rule was discharged.    The money was not paid into court till June 1826, and this issue was directed in May 1827.    Whilst the validity of all the proceedings in Hoffman's suit was thus in question, no steps could be taken by Hoffman as plaintiff, to procure his money, or by Ziegler as purchaser, to transfer the levy.

[Ziegler v. Long.]

Authorities have been cited from 3 *Rep.* 11, Sir William Harbert's case, and 2 *Williams's. Saund.* 9, 10, to show, that the only remedy in the power of the defendant, where his land is unjustly levied on, is, by *scire facias* or *audita querela,* to have other lands of the debtor extended. But while Hoffman's execution and levy stood suspended by the rule to show cause, it was not competent to Ziegler to do either. Besides, though this is the proper remedy at law, yet if in equity Ziegler had a just claim, he is entitled to priority of payment. For our courts, acting as courts of equity, on a fund within their own control, award it to him who has the better right, by constant practice, and by the express words of the act of the 16th of April 1827, relative to the distribution of money arising from sheriffs' and coroners' sales. Hence these ancient proceedings spoken of in the English books are not resorted to in our practice. 1 *Yeates* 9.

It is further said, that Ziegler, when he purchased of M. Long, undertook to pay this debt to Hoffman, or reserved a portion of the consideration money for that purpose—or if he did not, that it was his duty to do so, and having omitted this duty, another ought not to suffer by his neglect. This case will go back to another trial, and if upon that trial it can be made to appear that Ziegler thus undertook, or in any way agreed to pay Hoffman's judgment, or reserved a portion of the consideration money with this design, he will not be entitled to the money in dispute—or, at least, he is precluded to the amount thus undertaken or reserved. Some evidence was given by the plaintiff with this view on the trial : of the weight to be given to it, it would be improper now to speak. If nothing of the kind took place, then Ziegler was not bound to reserve any portion of the consideration money. He had a right as purchaser of the land, which the assignment of the judgment to him in no manner devested, to insist that M. Long's other lands should defray it, and the contest now is to enforce that right.

Judgment reversed, and *venire facias de novo* awarded.