[PHILADELPHIA, JANUARY, 1830.]

## HEISSE *against* MARKLAND, Surviving Executor of HEISSE.

### CASE STATED.

Testator bequeathed to his sons-in-law, J. and R., twenty thousand dollars, in trust, to place the same out at interest, and to apply the interest to the support and education of all the children of his son, H., born, and to be born, during their respective minorities; and to divide and pay the principal in equal parts and shares to the said children, when, and as they severally and respectively arrived at the age of twenty-one years. At the time of testator's death, his son, H., had five children, and afterwards, at the time the eldest child attained the age of twenty-one years, had five more; at which time the whole ten were living; and it was agreed he might have more. *Held*, that the principal of the legacy was to be divided among those children who were living at the time appointed by the testator for its distribution, in exclusion of those who might be born afterwards.

CASE stated for the opinion of this court.

*Frederick Heisse*, by his last will and testament, dated *January* 8d, 1816, among other provisions, directed as follows, viz.—

"*Item*, I give and bequeath to my sons-in-law, *John Markland* and *Robert Morrel*, the sum of twenty-thousand dollars, in trust, nevertheless, to place out, and continue the same from time to time, at interest, on good landed security, or invest the same in bank or other stock, and receive the interest thereof, and apply the

(Heisse *v.* Markland, Surviving Executor of Heisse.)

same for the support and education of all the children of my son, *Henry*, born, and to be born, during their respective minorities, as they, the said trustees, shall think proper; and most beneficial, and to divide and pay the principal in equal parts and shares to the said children, when, and as they severally and respectively arrive at the age of twenty-one years."

The testator died in 1817, at which time his said son, *Henry*, had five children, viz.

*Aurora Eliza*, born *July* 27th, 1808.   *Catherine Sheffield*, born *March* 29th, 1810.   *Dezia Morrel*, born *March* 29th, 1812.  *Frederick Earll*, born *March* 17th, 1814.   *Minerva*, born *September* 15th, 1816.

And he has had five born since, viz. —

*Cynthia*, born *March* 16th, 1818.   *Anne*, born *June* 25th, 1821.  *John Markland*, born *November* 8th, 1822.   *Edwin* born *November* 12th, 1824.   *Maurice*, born *August* 18th, 1828.   Making in all ten children, who are all living.   It is agreed that he may have more.

*Aurora Eliza*, the plaintiff, arrived at the age of twenty-one on the 27th of *July*, 1829.   She claims in this suit two thousand dollars, as being one-tenth of the said twenty thousand dollars, with interest on the same from the time of her coming of age.

Upon these facts, if the opinion of the court shall be in favour of the plaintiff, the court will pronounce judgment accordingly, and specify the amount; if the opinion of the court shall be in favour of the defendant, leave reserved to enter a nonsuit.

*Wheeler*, for the plaintiff.

*Lowber*, for the defendant.

The opinion of the court was delivered by

GIBSON, C. J. —In *Ellison* v. *Airey*, 1 *Ves.* 111, it was held, that where a legacy is to be distributed among a number, not named, but described in general terms, all who answer the description at the appointed time of distribution, shall take in exclusion of those who may happen to answer it afterwards.   Accordingly, it has since been determined in a train of cases,[*] not authority here, it is true, but nevertheless, founded in reason and necessity, that in case of a bequest to the children of a person named, as they respectively attain the age of twenty-one, none shall take who was not born at the period prescribed for distribution.   And it is certain, that slight indications of an intent to the contrary, such as the words " born, or to be born," will be insufficient to found an exception.   To prevent an indisputable violation of the intention on the one hand, these words must, on the other, be taken to have been used in reference to the period of distribution; by which means, each part of

---

[*] See particularly *Whitbread* v. *St. John*, 10 *Ves.* 152, and *Gilbert* v. *Borman*, 11 *Ves.* 238.

(Heisse *v.* Markland, Surviving Executor of Heisse.)

the testator's direction may be made consistent with the whole. If this were not the rule, restitution by those who had received their legacies, would be necessary, from time to time, as other children should happen to be born, or distribution would have to be deferred, in violation of the testator's clear and positive direction, till all possibility of further procreation should be extinct; in either way, a measure extremely inconvenient, if not impracticable. Doubtless, there may be cases where the persons to take, shall be determined subsequently to the time of distribution, as where it is evident, that the circumstance of the time, was a subordinate consideration; for it is certain, that a particular and minor intent, must not be permitted to frustrate, general and ulterior objects of paramount consideration. But where there are no ulterior objects, such as a bequest over, depending on the death of all the children, the time of distribution is, itself, a circumstance of paramount consideration: consequently, the plaintiff here, is entitled in proportion to the number born when she came of age.

Judgment for the plaintiff.

