# Dougherty *against* Jack.

A voluntary conveyance, untainted by fraud, is not void as against a subsequent purchaser, by force of the statute 27 Elizabeth.

When the legal ownership of an inheritance and a term meet in the same person at law, the term, which before was personal property, falls into the inheritance and ceases to exist. But in equity a merger is not favoured; and is never allowed except in cases where it is perfectly indifferent to the person in whom the interests united, whether the term should or should not merge. And if there be a beneficial interest in any other person in the term, there will be no merger.

ERROR to the common pleas of *Alleghany* county.

The facts of this case and the questions of law determined, are very clearly stated in the opinion of the court.

*Forward*, for plaintiff in error.
*Fetterman* and *Foster*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—This was an action of ejectment to recover the possession of fifty acres of land. The plaintiff gave in evidence an article of agreement between John Dougherty, under whom both parties claim title, and James Wilson, dated the 2d of October 1829, by which Dougherty agrees, for the consideration therein mentioned, to convey the land in dispute to James Wilson. Wilson assigns the article to Jack on the 11th of January 1830; and John Dougherty, on the same day, for the consideration of 1 dollar, conveys the property to Jack.

The defendant alleges *duress*, fraud and want of consideration in the agreement between Wilson and Dougherty, and in the agreement and deed of Dougherty to Jack; and, that on the 6th of January 1829, which was before the agreement between Dougherty and Wilson, Dougherty had leased the premises to the defendant for the term of ten years, which is not yet expired. By the article, John Dougherty

agrees to lease the premises in question to James Dougherty for the term of ten years, from the first of April then next ensuing.  The consideration is expressed to be a small sum, not exceeding 100 dollars, which is considered the due of John Dougherty, the father of John and James; and for which the said John Dougherty, the father, is to have a living for the said space of time, should he choose to live with James, &c.  The main intention of the parties to this agreement would appear to be to provide an asylum and comfortable subsistence for their father, at an expense which, as is expressed in the contract, should not be exorbitant.  It is not very clear whether this agreement was in payment of a debt, owing by John to his father, or whether it was a settlement made for natural love and affection; nor do I deem this of any importance.  The plaintiff does not claim the property as a creditor, but as a purchaser for a valuable consideration.  It is also certain that Wilson knew of the agreement, as he is a subscribing witness to it; and there is every reason to believe Jack was apprised of it also.  The fact that Jack was a creditor will not alter the case, for the debts are but the consideration for the conveyance.  He must still be regarded as a purchaser.  Conceding that the lease was a voluntary deed, yet the defendant has a right to hold the premises until the expiration of the term; provided the transaction be untainted with actual fraud; for, in Lancaster *v.* Dolan, it is decided, that, in Pennsylvania, a voluntary conveyance is not void against a subsequent purchaser, by force of the statute 27 Elizabeth.  Actual fraud is not alleged; so that, if Jack had notice of the agreement between John and James Dougherty, there is no valid defence to the suit, at least until the expiration of the outstanding term.  And this would seem to have been the understanding at the trial, but the court instructed the jury that this consequence is avoided by the conveyance of the 11th of January 1830.  The agreement of the 6th of January 1829, is not only for a lease, but it is also a conditional sale; for the parties agree, that after the expiration of the ten years, if James thinks proper he may, by the payment of 400 dollars, entitle himself to a deed in fee-simple for the land.  In anticipation of that period the deed was made; and the question is, whether the deed merges the agreement.  It has been before remarked, that the agreement is not only for the benefit of James, but of John Dougherty; and hence it is necessary to preserve the term in order to protect his interest.  No act of James and John, without his consent, could merge his interest; and, beside, it is not for the benefit of James that the term should merge in the inheritance; nor can that, by any fair construction, be held to be the intention of the parties to the contract.

When the legal ownership of the inheritance and the term meet in the same person a legal coalition occurs; and, at law, the term, which before was personal property, falls into the inheritance and ceases to exist.  But in equity another kind of ownership takes place, being an equitable or beneficial ownership, as distinguished

from the mere legal title.   A merger is not favoured in equity, and is never allowed unless for special purposes, and to promote the intention of the party.   It is only in those cases where it is perfectly indifferent to the party in whom the interests had united whether the charge or term should or should not subsist, that in equity the term is merged.   Forbes *v.* Moffit, 18 *Vez.* 394.

Here, the continual existence of the term is necessary, as has been before observed, for the protection of the owner of the inheritance, as a merger would sweep from him all his interest, whether real or personal, in the estate ; and has also the additional effect of destroying the interest of the person for whose benefit principally the term was created.   It results from these uncontested principles of equitable jurisprudence, that there was error in instructing the jury, that the term merged in the fee ; and that the lease was no bar to the action unless the transaction be tainted by actual fraud.

On the point of duress the court have distinctly recognised the principle established in Stauffer *v.* Latshaw, 2 *Watts* 162, and have left the question of fraud as an open one to the jury; so that on this, and on the other part of the record, there is no tangible error.

Judgment reversed, and a *venire de novo* awarded.