## Brooke's Estate.

*Will—Remainders—Contingent and vested remainders.*

Testator devised real estate to trustees with active duties "to hand over the net rents, issues and profits unto my daughter E. during all the term of her natural life, and upon her death to assign, transfer, convey and assure the said several premises unto such of her children as may then be living, share and share alike; and in default of any such child or children then living, then and in that case to transfer and convey the said several premises unto my daughter S." E. had a child living at testator's death. The daughter S. died prior to the child of E. When E. was sixty-six years old and a widow, the trustee petitioned the orphans' court under the Price act for leave to sell the real estate. E. and her brother, who were the brother and sister of the whole blood of S., and her only heirs at law, joined in the petition. The heirs at law of the residuary devisee under testator's will, being the half-sister and half-brother of E., resisted the petition on the ground that S., having died in the lifetime of E's. child, never took any interest at all, and that E's. child, having died before her mother, took nothing, and that the remainder thus falling became part of testator's residuary estate. *Held,* that E. and her brother of the whole blood were the only persons having an interest in the estate, and that the trust might be terminated and the estate sold at their instance.

Argued Jan. 16, 1906. Appeal, No. 361, Jan. T., 1905, by Howard W. Brooke et al., from decree of O. C. Phila. Co., April T., 1901, No. 59, authorizing sale of real estate in Estate of James Brooke, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for leave to sell real estate.

From the record it appeared that James Brooke, the testator, died in 1874, leaving a will made in 1871, by which he directed as follows:

"I give and devise all and singular my real estate hereinafter specified unto James P. Burd and Thomas Jefferson Hunt, their heirs and assigns, for the uses and trusts, intents and purposes following; that is to say, . . . . To take, collect and receive the rents, issues and profits of my house No. 1628 South street, my three houses on the East side of Brooke court, and of my house at the Northeast corner of Brooke Court and Bedford street and after paying all taxes,

expenses and repairs, to hand over the net rents, issues and profits unto my daughter Emeline during all the term of her natural life, and upon her death to assign, transfer, convey and assure the said several premises unto such of her children as may then be living, share and share alike; and in default of any such child or children then living, then and in that case to transfer and convey the said several premises unto my daughter Sarah Jane."

Emeline had a child living at testator's death. The daughter, Sarah Jane, died in 1879, before the child of Emeline.

The life tenant, a widow of sixty-six, being still living and childless, the substituted trustee under the will petitioned the orphans' court under the Price act for leave to sell the trust property at private sale. This petition was joined in by the life tenant and her brother, who were brother and sister of the whole blood of Sarah Jane, and her only heirs at law—the position taken by the trustee being that the interest of Sarah Jane had so vested during her lifetime as to be transmissible to her heirs at law.

The appellants, the only heirs at law of the residuary devisee under James Brooke's will, and half-sister and half-brother of Emeline and John S. Brooke, claimed to have a standing to resist the petition on the ground that, Sarah Jane, the alternative remainderman, having died during the lifetime of Emeline's child, never took any interest at all, and consequently could transmit none; and that Emeline's child having died before her mother, had never fulfilled the condition of survival under which she was to take; and that the remainder thus falling became part of the testator's residuary estate.

PENROSE, J., filed the following opinion:

It must, perhaps, be conceded that the remainder to the testator's daughter Sarah was and is, technically contingent, since it will not take effect if his daughter Emeline, the cestui que trust for life,—a childless widow, sixty-six years old,—shall leave a child or issue living at her death, in which case the fee is to go to them; and yet if the life estate of Emeline had been followed by a remainder to her appointees by will, and in default of appointment to Sarah, the latter would have taken a vested remainder subject to be divested: Doe v.

Martin, 4 Term Rep. 39 ; 4 Kent, 204, 324 ; though it is clear
that the actual contingency of the remainder would have been
much greater than in the case as it is and the tendency of mod-
ern decision is in favor of holding interests, which in ancient
days would have been regarded as contingent, vested, subject
to be divested: Hawkins on Wills, 223, 240–242.

But the distinction in the present instance is of little impor-
tance, since the chief difference between a vested remainder
and one that is contingent is that the latter may be destroyed
by determination of the particular estate before the happen-
ing of the contingency (and even this cannot be where, as
here, the life estate is held by trustees), while a vested re-
mainder would simply be accelerated ; and unless the contin-
gency is one which affects the capacity to take, a contingent
remainder or other contingent interest is transmissible, even
though not, in the technical sense, vested : Gray on Perpetui-
ties, sec. 118 ; and hence it will pass in case of death before
the happening of the event upon which it is dependent, to the
heirs or devisees of the remainderman so dying : Bassett v.
Hawk, 118 Pa. 94 ; Chess's Appeal, 87 Pa. 362.   Upon this
subject the law is thus stated by Chancellor Kent : " It is well
settled that all contingent interests of inheritance . . . .
where the person who is to take is certain, are transmissible by
descent and are devisable and assignable.   If the person be
not ascertained, they are not then possibilities coupled with
an interest, and they cannot be either devised or descend, at the
common law.   Contingent and executory, as well as vested
interests, pass to the real and personal representatives, according
to the nature of the interest, and entitle the representatives
to them when the contingency happens : " 4 Kent, 262, 511.

It is immaterial, therefore, in this case that Sarah died in
the lifetime of Emeline, the cestui que trust for life.   She
left no issue, and, as she died intestate, her estate in remainder
passed, under the express provisions of the intestate laws, to
her surviving brother and sister of the whole blood, to the ex-
clusion of the brother and sister of the half blood ; and it is
also immaterial that the sister of the whole blood is cestui que
trust for life, and the remainder cannot take effect until her
own death : Stewart's Estate, 147 Pa. 383, 389 ; Deginther's
Appeal, 83 Pa. 337.

It is true that words of inheritance are wanting in the devise in remainder to Sarah; but as the Act of April 8, 1833, sec. 9, P. L. 249, Purd. 2103, declares that the " whole estate shall pass," notwithstanding the omission, in the absence of evidence of contrary intention, this also is immaterial.

Practically, therefore, the cestui que trust for life and her brother of whole blood are the only persons having an interest in the estate, and the trust may be terminated and the estate sold at their instance: Culbertson's Appeal, 76 Pa. 145; Sharpless's Estate, 151 Pa. 214.

\* \* \* \* \* \* \* \*

As the brother and sister of the half blood, as we think, have no interest in the property which is the subject of the petition, they have no right to oppose the sale asked for by the cestui que trust for life and the actual owners of the estate in remainder.

*Error assigned* was the decree authorizing the sale.

*Sidney E. Smith* and *Edwin F. Schively*, for appellants.—
The interest of Sarah Jane Fullerton, deceased sister of the life tenant, Emeline Powell, in the premises in question, was a contingent remainder, and as it was not the intention of the testator that it should vest during the life of the latter, there is nothing that can pass to Sarah Jane's heirs at law thereunder: Schweikert's Estate, 40 Legal Int. 394; Woelpper's App., 126 Pa. 562; Steinmetz's Estate, 194 Pa. 611; Dunwoodie v. Reed, 3 S. & R. 435; Buzby's App., 61 Pa. 111; Sager v. Galloway, 113 Pa. 500; Stump v. Findlay, 2 Rawle, 168; Waddell v. Rattew, 5 Rawle, 231; Fife v. Miller, 165 Pa. 612; Nixon's Trust, 188 Pa. 621; Peirce's App., 4 W. N. C. 439; Kern's Est., 5 Pa. Dist. Rep. 264; Stewart v. Neely, 139 Pa. 309; Fetrow's Est., 58 Pa. 424; DeLassus v. Gatewood, 71 Mo. 371; Smith v. Rice, 130 Mass. 441; Demill v. Reid, 17 Atl. Repr. 1014.

These appellants have an interest in this property which qualifies them to object to this petition for a sale because if Emeline Powell die childless, there will be no person named in the will of James Brooke in whom the remainder is vested or can vest, and the lapsed reversion therefore vests in the re-

siduary devisee, the testator's widow, Eleanor Brooke, whose only heirs at law are these appellants : Mitcheson's Estate, 5 Pa. C. C. Rep. 99 ; High's Est., 136 Pa. 222 ; Bell's Estate, 147 Pa. 389 ; Jordan v. McClure, 85 Pa. 495 ; Williams v. Neff, 52 Pa. 326.

*S. G. Birnie*, for appellee.—The rule is well settled that a contingent remainder of inheritance is transmissible to the heirs of the person to whom it is limited, if such person dies before the contingency happens, unless the remainder is so limited as to depend on the life of the remainder-man : Kelso v. Dickey, 7 W. & S. 279 ; Hopkins v. Jones, 2 Pa. 69 ; Buzby's App., 61 Pa. 111 ; Chess's App., 87 Pa. 362 ; Pennock v. Eagles, 102 Pa. 290 ; Bassett v. Hawk, 118 Pa. 94 ; Fotterall's Est., 19 Phila. 49.

PER CURIAM, February 12, 1906 :
The decree is affirmed on the opinion of the court below.