## Frasier v. Scranton Gas & Water Co., Appellant.

*Wills—Vested and contingent remainders—Construction—Intention.*

1. Where an estate is given to A for life, with the remainder to B, but if B should die during A's life, then to B's heirs, the estate in B is contingent, because it can take effect only if B is living at the death of the life tenant.

2. One principal reason for the rule which requires a remainder to be considered vested, rather than contingent, if the words of the will creating it are capable of such construction, is, that other construction would exclude the heirs of him to whom the remainder is limited if he should happen to die pending the particular estate, an intent not to be imputed to a testator unless undoubtedly manifested, and the rule does not apply where, upon the death of the remainderman during the continuance of the particular estate, the estate is to go to his heirs.

3. Where a testator devised certain land to his wife for life, and "after her death then I bequeath the residue of my estate, both real and personal, to my son F for his own use and benefit forever, but in case my said son should die before the death of my wife, then it is my will that my estate should go to his heirs share and share alike," the son took a contingent, not a vested remainder, and upon the son's death, during the lifetime of the life tenant, the remainder vested in his heirs.

Argued Feb. 24, 1915. Appeal, No. 308, Jan. T., 1914, by defendant, from judgment of C. P. Lackawanna Co., June T., 1913, No. 352, on verdict for plaintiff, in case of Tracy O. Frasier v. Scranton Gas & Water Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Ejectment to recover lands in Lackawanna County. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

The defendant filed an answer to which plaintiff demurred. The court sustained the demurrer and entered judgment for plaintiff. Defendant appealed.

*Error assigned* was the judgment of the court.

*Reese H. Harris,* with him *Warren, Knapp, O'Malley & Hill,* for appellants.—Frank Frasier had a vested remainder in the property in suit.

Future estates will always be construed as vested rather than contingent, if possible: Manderson v. Lukens, 23 Pa. 31; Carstensen's Est., 196 Pa. 325; Doe ex dem. Comberbach v. Perryn, 3 Term Rep. 484; Driver ex dem. Frank v. Frank, 3 Maule & Selwyn 25; 6 Price 41; Lyle v. Richards, 9 S. & R. 322; Safe Deposit & Trust Co. of Pittsburgh v. Wood (No. 1), 201 Pa. 420.

The conditional event expressed in this devise is a condition subsequent: Richardson v. Richardson, 3 Sadler 217; Carstensen's Est., 196 Pa. 325; Womrath v. McCormick, 51 Pa. 504; Churchman's App., 9 Sadler 428, 22 W. N. C. 131, 12 Atl. Repr. 600; Rudd v. Travelers' Ins. Co., 24 Ky. L. Rep. 2141, 73 S. W. Repr. 759; Kinkead v. Ryan, 65 N. J. Eq. 726, 55 Atl. Repr. 730; Cook v. McDowell, 52 N. J. Eq. 531, 30 Atl. Repr. 24; Lenz v. Prescott, 144 Mass. 505, 11 N. E. Repr. 923; Hill v. Bacon, 106 Mass. 578; Kimball v. Tilton, 118 Mass. 311; Ray v. Enslin & Ray, 2 Mass. 554; Blanchard v. Blanchard, 83 Mass. 223; Wright v. Dugan, 15 Abb. N. Cas. 107; Post v. Horning, 6 N. Y. St. Repr. 716; Genunge v. Murphy, 59 N. Y. Misc. Rep. 381, 112 N. Y. Supp. 310; Smiley v. Bailey, 59 Barb. 80; 15 N. Y. St. Repr. 807, 1 N. Y. Supp. 565; Thyng v. Lane, 69 N. H. 403, 43 Atl. Repr. 616; Middleton's Heirs v. Middleton Devisees, 19 Ky. L. Rep. 1232, 43 S. W. Repr. 677.

*J. E. Sickler,* for appellee.—Frank W. Frasier took but a contingent remainder in the estate: Smith v. Coffman, 224 Pa. 411; Smith v. Piper, 231 Pa. 378; Dunwoodie v. Reed, 3 S. & R. 435; Henry's Est., 53 Pa.

Superior Ct. 57; Swift v. Harbison-Walker Refractories Co., 228 Pa. 584; Mayer v. Walker, 214 Pa. 440; Mulliken v. Earnshaw, 209 Pa. 226; Wood v. Schoen, 216 Pa. 425; Woelpper's App., 126 Pa. 562; Mergenthaler's App., 15 W. N. C. 441; Grothe's Est., 237 Pa. 262; Lewis's Est., 231 Pa. 60; Raleigh's Est., 206 Pa. 451; Scott's Est. (No. 1), 37 Pa. Superior Ct. 342; Thomson v. Ludington, 104 Mass. 193; Bamforth v. Bamforth, 123 Mass. 280; Smith v. Rice, 130 Mass. 441; Colby v. Duncan, 139 Mass. 398 (1 N. E. Repr. 744); Doe ex dem Planner v. Scudamore, 2 Bosanquet & Puller, 289; Gregson's Est., 2 De Gex, Jones & Smith 428; Starnes v. Hill, 112 N. C. 1, 22 L. R. A. 598, 16 S. E. Repr. 1011; Hall v. Nute, 38 N. H. 422; Temple v. Scott, 143 Ill. 290, 32 N. E. Repr. 366; Sloan's Est., 14 Lanc. Bar 63; Robertson v. Guenther, 241 Ill. 511, 89 N. E. Repr. 689.


OPINION BY MR. JUSTICE STEWART, May 26, 1915:

The testator by his will gave to his wife, Rosetta Frasier, the use and occupancy of the land which is the subject of this controversy, during the term of her natural life, and then provided as follows:

"After her death then I bequeath the residue of my estate both real and personal to my son, Frank W. Frasier, for his own use and benefit forever, but in case my said son should die before the death of my wife, then it is my will that my estate should go to his heirs share and share alike."

The testator died in 1901. The son, Frank W., died within a year therafter, leaving to survive him one son, Tracy O. Frasier, the plaintiff. The widow survived until 1911. In 1902 the widow and testator's son, Frank W., united in a deed conveying the land to the Scranton Gas & Water Company, the defendant. The present action in ejectment was brought by Tracy O., son of Frank W., to recover possession of the land, claiming under the devise the title vested in him because of the

death of Frank W., during the pendency of the particular estate. His contention was sustained in the court below, judgment being there rendered on a demurrer to an answer which simply alleged title derived under the deed from the widow and Frank W. A single question is presented on the appeal: did Frank W. take a vested estate in remainder under the will of his father? The argument in support of appellant's contention proceeds on the assumption that when the will became operative Frank W. Frasier had then a present absolute right to the possession and enjoyment of the estate the instant the particular estate terminated. If he had such right, of course the remainder to him was vested; but the argument overlooks the fact that the limitation over to Frank W. was to take effect only in case he was living at the death of the life tenant, a result not derived from the application of artificial rules of construction, but from the language of the will itself. If Frank W. died during the continuance of the prior particular estate he was to take nothing; in such contingency the devise was to his heirs. Of course this latter devise over was contingent, and why not the earlier, since the same uncertainty on which the latter depended governed the former as well? The one important circumstance distinguishing this case from those cited as supporting a different conclusion is, that here the uncertain event forms part of the description of the devisee. In this connection we can do no better than adopt the language of the learned trial judge as it occurs in the opinion filed. He there says, "The analogy sought to be invoked is invalid as it is derived from those cases where the actual enjoyment is defeated by the casual event of death operating only as a collateral circumstance, entirely extraneous to the terms and conditions of the gift, and about which the will did not concern itself. In such case the testator must of necessity be deemed to have left the consequences of an untimely death—so to speak —in the hands of the law, and the principle of represen-

tation does the rest, so there is nothing to prevent the immediate vesting of the remainder at one time as well as another. But that cannot consistently be so where specific provision is made for the event during the outstanding life estate whereby some other person, or class of persons is designated to succeed the life tenant. And it can make no difference either in law or logic that the one devise cast the succession upon the heirs of him who otherwise would have succeeded. It could have been given to a stranger or a stranger's heirs. In either case whoever succeeds to the remainder takes it as direct beneficiary of the will, and not through an intermediate ancestor."

This is not a case that calls for the application of artificial rules to discover the intention of the testator. The language employed we think clearly reveals that intention, quite as much so as in the devise adjudicated in Dunwoodie v. Reed, 3. S. & R. 434, a case much to the point here. Referring to a certain plantation, the devise there was as follows: "I give and bequeath the same with all its appurtenances unto my daughter, Jane Dunwoodie during her natural·life, for her sole use and behoof, and at her decease, I will and order the aforesaid estate unto her male heir, viz, John Dunwoodie, if alive at her death, to him and to his heirs forever; otherwise, unto her next male heir, unto him and to his heirs and assigns forever." John Dunwoodie died, unmarried and without issue, during his mother's lifetime. One of the questions in the case was whether any estate vested in John. It was thus disposed of in an opinion by TILGMAN, C. J., (p. 438), "The words of the will are express and plain, that John was only to take if he should be living at the time of his mother's death. Nothing, therefore, but some great inconvenience tending to destroy the testator's main intent, or some opposing rule of law, can prevent the estate of John from being contingent. Of the intention of the testator, there can be little doubt. ...... There is no rule of law, in opposition to the tes-

tator's intent.   The law gratifies it, and declares that whoever may be the male heir of Jane Dunwoodie, at the time of her death, in him shall the fee simple be vested, immediately on her death.   But, it is objected that the remainder is not contingent, but vested, because it is limited to John Dunwoodie by name; had it been absolutely it would have been vested; but it is not limited to him absolutely, but on condition that he would be living at his mother's death.   Now I take it to be a rule that the estate is contingent, where it is limited to a person not ascertained.   Fearne 9.   That is the case here; the estate is not given to John Dunwoodie unless he should be living at his mother's death, and if not then living it was to go to the next male heir of Jane Dunwoodie; who that next male heir would be, was uncertain, and therefore, the person was not ascertained. There was not a single moment during the life of Jane Dunwoodie, when it could have been determined who was the person intended by the testator to take after her death; so that the remainder, according to the rule I have mentioned must have remained in contingency until her death."

GIBSON, J. in a concurring opinion says:

"It is not a little remarkable that Sir William Blackstone in his Commentaries Vol. 2, p. 170, puts the very case under consideration as an instance of a contingent remainder limited, not to an uncertain person, but to take effect on the happening of a certain event.   'Where land is given to A for life, in case B survives him, then with remainder to B, in fee; here B is a certain person, but the remainder to him is a contingent remainder, depending on a dubious and uncertain event, the uncertainty of his surviving A.'   This authority is decisive."

In our case the limitation over is to the heirs of Frank W., not such persons as would have been his heirs at the death of the testator, but such as would be heirs at the death of Frank W.   Until that event happened who were to take could not be determined.   The same reason

which prevailed in the Dunwoodie case to make the devise contingent, operates here with equal force.

Apart from the language employed, a circumstance indicating an intention adverse to the appellant's contention may be found in the fact that the limitation over in case of Frank W.'s death is to his heirs. One principal reason for the rule which requires a remainder to be considered vested, rather than a contingent, if the words of the will creating it are capable of such a construction, is, that other construction would exclude the heirs of him to whom the remainder is limited if he should happen to die pending the particular estate, an intent not to be imputed to a testator unless undoubtedly manifested. Minnig v. Batdorff, 5 Pa. 503. In the present case the testator by his limitation over to the heirs of Frank W. in the event of the latter's death during the continuance of the particular estate provided against the very contingency that the rule was intended to avoid. The reason of the rule ceasing, operation of the rule ceases. We are of opinion that the testator contemplated a contingent remainder to Frank W., and we know of no rule of law preventing this purpose from becoming effective. The judgment is affirmed.