## Warren's Estate.

*Wills—Construction of will and codicil—Revoked clause of will to be considered—Words importing death and survivorship.*

1. Although a codicil expressly revokes a bequest in the will, the provisions of the latter may, nevertheless, be considered in arriving at the testator's real intention in the codicil.

2. Where testatrix gave her residuary estate to her husband for life and upon his death bequeathed a legacy of $15,000 to A, B and C, "to be equally divided between them, but should either be dead, her share to the survivors or survivor," and by a codicil revoked the legacy and gave A, B and C legacies of $2000 each, "to be paid after the death of my husband; should either be dead, her share to go to the survivor or survivors," the words of survivorship refer to the death of the husband, as distinguished from the death of the testatrix.

Petition for distribution of money paid into court under section 27 of the Fiduciaries Act. O. C. Phila. Co., July T., 1923, No. 2423.

*Stevens Heckscher,* for petitioners.

*J. Verner Harold* and *George Wentworth Carr,* contra.

GEST, J., May 29, 1926.—Jennie H. Warren died on July 3, 1917, leaving a will, by which she bequeathed her personalty absolutely to her husband, and her residuary estate to him for life, and upon his death she bequeathed certain legacies, including the following: "To my cousins, Annie Small, Jennie Robinson and Deborah Paine, fifteen thousand dollars to be equally divided between them, but should either be dead, her share to the survivors or survivor." And her residuary estate she devised to her two nephews, Amor and Valentine Hollingsworth, with further provisions should either be dead at the time of her husband's death. Thereafter, the testatrix made the following codicil to her will:

"1. I do hereby revoke the fourth item in the second part of my will, whereby I give fifteen thousand dollars to be equally divided between Annie Small, Jennie Robinson and Deborah Paine.

"11. I give to my cousins, the said Annie Small, Jennie Robinson and Deborah Paine, two thousand dollars ($2000) each, to be paid after the death of my said husband; should either be dead her share to go to the survivor or survivors.

"All other parts of my will not inconsistent with this codicil, I desire shall stand."

Warren's Estate.

Deborah Paine died Dec. 21, 1921, during the lifetime of the husband of the testatrix, who was life-tenant, and he afterwards died on May 15, 1924. The residuary devisees, terre-tenants of certain real estate charged with the legacy, paid the amount thereof into court under section 27 of the Fiduciaries Act, and subsequently Annie Small and Jennie Robinson filed this petition, praying for the distribution of the fund to them, which is opposed by the executor of the will of Deborah Paine on the ground that her legacy was vested, and is now payable, notwithstanding that she died pending the life estate.

In our opinion, the intention of the testatrix is very clear. The legacies were not given immediately, but only upon the death of her husband, and the provision that "should either of the legatees be dead, her share to the survivor or survivors," naturally refers to the death of the husband. As the Supreme Court said in Frasier v. Scranton Gas and Water Co., 249 Pa. 570, this is not a case that calls for the application of artificial rules to discover the intention of the testator. Under the will, none of the legacies bequeathed in it are given until the death of the husband, and the words of survivorship can only be referred to that period. The argument on the other side is based on the language of the codicil, which revokes in terms the legacy of $15,000 to Annie, Jennie and Deborah and proceeds to give to them $2000 each, "to be paid after the death of my said husband; should either be dead her share to go to the survivor or survivors." This, it is said, is the absolute gift of a legacy, the payment thereof being merely postponed, so that it vested at the death of the testatrix, the words of survivorship being referable to that period. This is a strained and artificial construction. The evident purpose of the codicil was merely to reduce the legacy of $15,000 to these three legatees to legacies of $2000 to each of them, but, in either case, the legacies are not given until the death of the husband. Notwithstanding that the codicil expressly revokes the bequest in the will, the provisions of the latter may, nevertheless, be considered in arriving at the testatrix's real intention in her codicil: Reichard's Appeal, 116 Pa. 232, 244; Whelen's Estate, 175 Pa. 23. And her meaning is shown by the recital in the codicil of the legacy bequeathed by the will, since the testatrix, in referring to the second paragraph thereof, states it in these words, "whereby I give $15,000 to be equally divided between Annie, Jennie and Deborah," whereas in the will, as is shown above, she gives no legacies until her husband's death, and, consequently, the language of the codicil, "I give to my cousin Annie," etc., "to be paid after the death of my husband," must refer to her prior testamentary direction, especially as she adds a general ratification of her will. To construe the words of death and survivorship as referring to her own death would, in our opinion, contradict her plain meaning. The legacies to the three cousins and the gift over on the death of either, as well as the time of payment, relate to the death of her husband, the life-tenant. See Sternbergh's Estate, 250 Pa. 167; Anderson's Estate, 243 Pa. 34.

And now, May 29, 1926, it is ordered and decreed that the amount of the legacy of $2000, with interest from May 15, 1924, paid into court, be and the same is hereby awarded in equal shares to Annie Small and Jennie Robinson, who are entitled thereto under the provisions of the will and codicil of Jennie H. Warren, deceased, and the Clerk of the Orphans' Court is directed to make the payment accordingly, less clerk's costs.