Argued April 16, 1934.
The facts are stated in the opinion of the lower court by GEST, J., as follows:
Louise S. Austin died on January 14, 1921, leaving a will, by the eighth paragraph of which she provided as follows:
"I give and bequeath the sum of Fifty Thousand dollars ($50,000.00) unto Girard Trust Company, a corporation, of the City of Philadelphia, State of Pennsylvania, and unto its successors and assigns, In Trust Nevertheless, for the following uses and purposes, that is to say: In Trust, to invest, reinvest and keep invested the same, and to collect the income therefrom, and to pay over the entire net income, after the deduction of all necessary charges and expenses, unto my mother, Emily L. Suydam, for and during the term of her natural life. Upon the death of my said mother, Emily L. Suydam, I direct that the said net income shall be paid over equally, share and share alike, unto the Guardian or *Page 450 
Guardians of the children of my daughter, Emilie Austin Jones, until they shall respectively attain the age of twenty-one years. Upon the arrival at the age of twenty-one years of each of the children of my daughter, Emilie Austin Jones, respectively, after the death of my said mother, Emily L. Suydam, I direct that a proportionate share of the principal of this trust shall be assigned, transferred and paid over unto such child of my said daughter so attaining the age of twenty-one years, absolutely."
The fund presently accounted for was awarded to the present accountant by the adjudication of LAMORELLE, P. J., of October 4, 1921.
Emily L. Suydam, life tenant, is stated to have died on February 14, 1923, leaving a will, of which Emilie L. S. Moore is stated to be executrix.
The occasion of the filing of the present account was the arrival at majority, on January 27, 1932, of Samuel Austin Jones, only child of Emilie Austin Jones. By writing annexed hereto, the said Samuel Austin Jones stated that he has examined the account, that he approves it and requests the award of the residue to himself directly without the necessity of his appearance at the audit. He also certified that he attained his majority on January 27, 1932.
The petition for distribution prayed that the entire estate be awarded to Samuel Austin Jones, but, upon consideration of the will, I advised counsel that a trustee should be appointed for possible unborn issue of Emilie Austin Jones, and, accordingly, on December 9, 1932, Shippen Lewis, Esq., was appointed as such trustee. Subsequently, on June 9, 1932, briefs were presented by John S. Sinclair, Esq., in behalf of Samuel Austin Jones and of the Pennsylvania Company for Insurances on Lives, etc., guardian of Samuel Austin Jones, by appointment of this Court on April 14, 1923; and by Shippen Lewis as trustee for possible unborn children of Emilie Austin Jones. *Page 451 
While no formal testimony was taken, it appears from the statements of counsel and from the records of the case, that Emilie Austin Jones was born on November 26, 1885, and is now in her forty-seventh year, and her husband, to whom she was married April 22, 1908, is also living. The will of the testatrix was dated December 22, 1920, when Emily Austin Jones was thirty-four years old. Mr. Lewis stated in his brief that she had then been married for thirteen years, and Samuel Austin Jones was nearly ten years of age.
In these circumstances, it was argued, in behalf of Samuel Austin Jones, that the class of remaindermen was closed upon his attaining his majority, and, therefore, he is now entitled to the entire estate. On the other hand, counsel for the trustee appointed to protect the right of possible unborn children of Emilie Austin Jones, argued that the class could not be closed until her death, and, consequently, the estate should be held in trust until that event shall have occurred. Counsel on both sides presented very able briefs upon this interesting question.
I would remark in the beginning that so long as Emilie Austin Jones lives there is a possibility of her having other children. She is only in her forty-seventh year, and there is not only a legal possibility of the birth of other children, List v. Rodney, 83 Pa. 483, Sterrett's Est., 300 Pa. 123 (the latter being an extreme case in its facts), but some remarkable instances of child bearing at the mother's very advanced age may be found in the books on Medical Jurisprudence. In "Anomalies and Curiosities of Medicine," by Gould Pyle, Phila., 1897, there are noted many remarkable cases of conception by women of sixty years and over, apparently well authenticated by medical authority. In some cases, such as Daly's Est., 26 D. R. 299, where it appeared, from medical testimony, that the woman was physically incapacitated, and Mellon's Est., 16 Phila. 323, Gowen's App., 106 Pa. 288, and VanBeil's Est., 18 D. R. 512, *Page 452 
the trusts have been terminated, where all parties presently interested desired it, on the entry of appropriate security, but I do not think that the decision of the present case is to be determined by these authorities but upon more general grounds.
Now the testatrix has here, in the eighth paragraph of her will, distinctly expressed inconsistent intentions. She says that, on the arrival at majority of "each of the children" of her daughter, a proportionate share of the principal shall be paid over to such child of her daughter; that is, the beneficiaries are all the children of her daughter, and yet that each child shall be entitled to his distributive share on arrival at majority. I confess that if I were to decide the question unaided by authority, I would hold that the estate should remain intact until the death of Mrs. Jones, when it would be definitely ascertained how many children she could possibly have; as I would be of opinion that the controlling intention of the testator was that all the children should each take "a proportionate share," rather than that they should take on attaining a certain age. I must, however, consider the cases on the subject, which are numerous, and quite fully reviewed in the briefs of counsel.
The English decisions recognize the difficulty of the problem and lay down the rule that where a gift is made to such children of a class as may reach a certain age, as is the case here, the class is closed when one member of it reaches the prescribed age, and no after-born child can be included in it, Andrews v. Partington, 3 Bro. C. C. 401, Re Chartres (1927), 1 Ch. 466, Emmett v. Emmet, 13 Ch. Div. 484, 3 Jarman, 1650, and hold that this is adopted as a "rule of convenience," although it is frankly conceded that this is merely cutting the knot rather than untying it. For, as LORD CHANCELLOR LOUGHBOROUGH, in Hoste v. Pratt, 3 Ves. 730, acutely remarked, "All convenient constructions are convenient only to the parties who profit by it, not to the children who are excluded." In fact the rule has been frequently *Page 453 
criticised. The Master of the Rolls in Leake v. Robinson, 2 Merivale at p. 383, said that the rule of Andrews v. Partington, 3 Bro. C. C. 401, was "artificial." The Lord Chancellor (LOUGHBOROUGH) in Andrews v. Partington said he had often wondered how it came to be so decided, there being no greater inconvenience in the case of a devise than is that of a marriage settlement where nobody doubts that the same expression means all the children. LORD CHANCELLOR ELDON in Whitbread v. Lord St. John, 10 Ves. 152, followed the rule, merely remarking, "I cannot take this case out of the authorities." LORD CHANCELLOR THURLOW in Hill v. Chapman, 1 Ves. Jr. 405, said the rule had stood too long to be shaken, but that when first raised it went satis ex arbitrio. Further remarks upon the rule may be found in 3 Jarman on Wills, 7th Ed. 1650, and in Emmet's Estate, 13 Ch. Div. 484; Re Stephens (1904), 1 Ch. 322; Re Chartres (1927), 1 Ch. 466. In this last case ASTBURY, J., commented upon the "irony of the rule," criticised its "convenience," said that "many judges have commented upon the rule and some have deplored it," and added that it is not to be extended, except where necessary, having regard to the fact that it is a rule which defeats in most cases the deliberate intention of the testator. This so-called rule of convenience does not impress me as logical, but, as a judge of the first instance, I am bound to follow the decisions of our own courts, to which I shall briefly advert.
In Pennsylvania the leading case appears to be Heisse v. Markland, 2 Rawle 274, decided in 1830, where GIBSON, C. J., cited Ellison v. Airey, 1 Ves. Sr. 111, and followed the English rule, remarking that the time of distribution is in itself a circumstance of paramount consideration, which case was followed in Schuldt's Est., 199 Pa. 58. In Bonaffon's Est., 16 Phila. 345, better reported in 14 W. N.C. 501, the question was carefully considered by PENROSE, J., as auditing judge, and by *Page 454 
ASHMAN, J., for the court in banc, and the like result was reached. See also McBride's Est., 152 Pa. 192.
It does not seem necessary for me to prolong this discussion by a comparison of this eighth paragraph of the will with the fourth paragraph thereof or a discussion of other cases, as I feel bound by those which have been cited, and I therefore hold that Samuel Austin Jones is entitled to the entire trust estate.
I am of opinion, however, that the learned guardian ad litem should file exceptions to this adjudication as the facts of the case and the amount of the estate are such that the opinion of the court in banc is desirable.
 The balance of principal, composed as stated, is ........................... $51,564.26
 And of income, less distribution, which has been properly made to the guardian of Samuel Austin Jones, .............. 3.15
which, together with any income or interest on deposits to date of payment, are awarded to Samuel Austin Jones.
AND NOW, August 2, 1933, the account is confirmed nisi.
Adjudication filed awarding above sums to Samuel Austin Jones, grandchild of age. Exceptions to adjudication by trustee for possible unborn issue, dismissed, LAMORELLE, P. J., GEST, HENDERSON, VAN DUSEN, STEARNE and SINKLER, JJ., in opinion by LAMORELLE, P. J. Trustee appealed.
Error assigned, inter alia, was adjudication, quoting record.
The opinion of Judge GEST, confirmed by the court in banc, fully sets forth and correctly disposes of the question involved in this appeal. The decree of the lower court is affirmed on that opinion, at costs of the estate.