## Dickson Estate.

Argued April 21, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*J. Webster Jones,* for appellant.

*John E. Stevenson,* for appellee.

OPINION BY MR. JUSTICE BELL, May 24, 1954:

The trustees under the will of Samuel Dickson, deceased, filed a Fourth Account at the audit of which his son, Arthur G. Dickson, the life tenant, claimed he was then entitled to 4/7ths of the principal of the trust by a coalescence or merger of the life estate and remainder interest.

Testator left his residuary estate in trust to pay the income to his son Arthur for his life, remainder to his children or issue, if any, and if he left no child or issue living at his death "to the nieces of my late wife living at the time of *my** death."

Testator was survived (1) by a son who is 79 years of age, who has no children or issue, and (2) by 7 nieces of his wife, 3 of whom are still living and 4 of whom have died without issue. Testator's son claims that he is immediately entitled to 4/7ths of the remainder of the estate on the ingenious theory that since it is impossible for him to have children or issue, there was an intestacy as to these remainder interests and since he is the testator's sole heir, his life estate merged or coalesced with the remainder. There are many reasons why this appeal must fail, several of which we shall discuss.

In the first place Dickson no longer has a life estate, and consequently there could not possibly be a merger.

Dickson went into bankruptcy in 1932. The trustee in bankruptcy sold at public auction all the right, title and interest of the bankrupt under the will of his father, Samuel Dickson, including his life estate in (one-half of) the net income therefrom. This interest was purchased by Henry S. Drinker, Jr., individually, and also for and on behalf of the law firm of Drinker,

---

* Italics ours.

Biddle & Reath. Mr. Drinker and Drinker, Biddle & Reath thereupon created an irrevocable trust to which they transferred, assigned and delivered to the Fidelity-Philadelphia Trust Company all of the aforesaid right, title and interest which Drinker had purchased at the bankruptcy sale. This trust provided, inter alia, that the trustee should hold the said estate in trust to pay the net income quarterly to Arthur G. Dickson for his life, and upon his death to convey, assign, transfer and pay over all property then held by the trustee to his wife. Mr. Dickson's wife is now deceased. The trust deed also contained the usual spendthrift trust provisions. It is obvious that this inter vivos trust with its spendthrift trust provisions is not the same as the life estate created for Arthur G. Dickson in the will of his father.

In order to create an intestacy, Dickson contends that it is impossible for him to have any children and he offered to prove by expert medical testimony that such was the fact. An intestacy is, of course, an important and absolutely indispensible link in the chain of his argument, because his father's will gave the remainder interest not to Arthur but to Arthur's surviving children and issue (of deceased children), with a contingent gift over, upon failure of such children and issue, to the nieces of testator's late wife *living at testator's death.*

For centuries the law was well settled that " 'A possibility of issue is always supposed to exist in law . . . even though the donees be each of them an hundred years old': 2 Blackstone's Com. 125"; *List v. Rodney,* 83 Pa. 483, 492. See to the same effect: *Austin's Estate,* 315 Pa. 449, 451, 173 A. 278; *Sterrett's Estate,* 300 Pa. 116, 123, 150 A. 159 (the life tenant was 78 years of

age); *Straus's Estate,* 307 Pa. 454, 459, 161 A. 547.\*
We need not now decide this question. Suffice it to say
that even if such evidence were admissible and the fact
was proved that Arthur G. Dickson was incapable of
having children because of his age and his physical con-
dition, it would not cause an intestacy in this case;
since the gift to the nieces living at testator's death was
contingent: *Straus Estate,* 351 Pa. 136, 138, 40 A. 2d
402; *Bomberger Estate,* 347 Pa. 465, 469, 32 A. 2d 729;
*Frasier v. Scranton Gas & Water Co.,* 249 Pa. 570, 95
A. 256; *but transmissible*: cf. *Riegel v. Oliver,* 352 Pa.
244, 248, 42 A. 2d 602; *Crawford Estate,* 362 Pa. 458,
67 A. 2d 124; *Estate of Rebecca Moss,* 80 Pa. Superior
Ct. 323, 330, 331; *Blackstone Commentaries,* Vol. 2,
page 169; *Gray on Perpetuities,* §118; *Brooke's Estate,*
214 Pa. 46, 47, 63 A. 411; 4 *Kent Commentaries,* 262,
511; *Chess's Appeal,* 87 Pa. 362. Moreover, even if it
were impossible for Dickson to have children this would
not suffice to effectuate a merger of this life estate with
a remainder interest obtained (if at all) through in-
testacy: *Moore's Estate,* 198 Pa. 611, 48 A. 884.

In *Moore's Estate* the Court said (p. 612) : "It is
said, however, that the life estates given to the sons
by the will were merged in the fee or absolute interests
in the remainder or reversion which they took under
the intestate laws by reason of the failure of the gift
to charities, . . . thus entitling the sons to the estate
discharged of the trust. But merger can only take
place where the interests meeting in the same person
are of the same character, either both legal or both
equitable; obviously it cannot take place where the
life estate is under a trust which the law recognizes
as valid, and the ownership of the remainder is legal.

---

\* For exceptional cases cf. *Gowen's Appeal,* 106 Pa. 288;
*Brooke's Estate,* 214 Pa. 46, 63 A. 411; *City Bank & Trust Co. v.
U. S.,* 74 F. 2d 692.

"It is a principle so familiar as scarcely to require reference to authority, that where two estates meet, merger will not be permitted if the purposes of the creation of one of them require that they should remain distinct. See Dougherty v. Jack, 5 Watts, 456, and Forbes v. Moffatt, 18 Vesey, 394. An equitable life estate will not coalesce with a legal remainder to the heirs of the first taker and thus cause a trust to protect from creditors to fail (Rife v. Geyer, 9 P. F. Smith, 395), . . ." See also *Moser's Estate*, 270 Pa. 217, 113 A. 199; *Rehr v. Fidelity-Philadelphia Trust Co.*, 310 Pa. 301, 165 A. 380.

Decree affirmed; appellant to pay the costs.