John B. Hinkson, Executor and Trustee under the last Will and Testament of Lizzie May Pike, deceased, *v.* Thomas Lees, Trustee under the Will of John L. Pearson, deceased, Appellant.

*Will—Construction of—Vested and contingent estates.*

Testator by his will devised certain land to P. and after his death, same premises to P.'s " lawful child or children and to their heirs and assigns ; . . . . but my further will is that if the said P. should die without leaving lawful issue to survive him, or leaving such issue who should not live to the age of twenty-one years nor their lawful issue, then and in that case all the before mentioned frame house etc. . . . . . I give and devise to the lawful children of W." P. had three children who in his lifetime attained

the age of twenty-one years. One of them, a son, died in the lifetime of his father, leaving to survive him a daughter who attained full age and died before P. *Held*, (1) that the interest of P.'s deceased son was a vested interest which could be divested, if at all, only by the occurrence of the contingency on which the devise over depended; (2) that the interest of P.'s deceased son was a descendible and devisable interest, and vested under the son's will in his daughter; (3) that the devisee under the will of the daughter was entitled to one third of the fund raised by the sale of the real estate under the Price act.

Argued Feb. 9, 1897. Appeal, No. 451, Jan. T., 1896, by defendant, from judgment of C. P. Delaware Co., June T., 1896, No. 179, for plaintiff, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Case stated to construe a will.

The case stated was as follows:

John L. Pearson of Delaware county, being seized in his demesne as of fee of and in the real estate hereinafter set forth, died, having made his last will and testament dated September 20, A. D. 1841, which was duly proved, and remains of record in the office of the register of wills in and for said county, in will book D, page 8, etc., in and by which he devised, inter alia, as follows:

" Eighthly:—I give and devise to the before mentioned Perry C. Pike (and whom I brought up from a boy) my frame store and dwelling house and new barn in Ridley Township, aforesaid, with the following described land adjoining thereto . . . . To have and to hold the said frame house, barn and plantation of fifty-two acres of land with all the appurtenances during his life, and after his death I give and devise the same to his lawful child or children and to their heirs and assigns, subject to the payment to the annuity to my sister Hannah when it becomes due to her. But my further will is, that if the said Perry C. Pike should die without leaving lawful issue to survive him, or leaving such issue who should not live to the age of twenty-one years nor their lawful issue then in that case all the before mentioned frame house, buildings, lands, with all the appurtenances thereunto belonging or in any wise appertaining I give and devise to the lawful child or children of the aforesaid William H. Price, subject to his life and if they survive him and live to the age of twenty-one years or their lawful issue, to

hold the same to them their heirs and assigns. But my further will is, that if the said William H. Price should die without having lawful issue as aforesaid, then in that case, I give and devise the before mentioned frame house, barn, plantation with all the appurtenances, to the children of Thomas P. Smith, deceased, as aforesaid, in equal shares, their heirs and assigns forever."

The legacy to testator's sister has been paid or released.

For the purpose of barring and defeating any contingent remainder or executory devise, proceedings under the "Price Act" were begun in the orphans' court of Delaware county, for a sale of the above land devised to Perry C. Pike for life. A citation was issued and duly served on all parties in interest, and John B. Hinkson, Esq., was appointed trustee to make sale.

Sale was made by John B. Hinkson, who was appointed by the court, trustee to make sale. John B. Hinkson upon his own petition was discharged from the trust, and Thomas Lees, the defendant, duly appointed, and the funds turned over to him. At the time of said sale the said Perry C. Pike had three children living, Pearson, Isaac S. and Priscilla. In March, 1874, "on account of natural love and affection," Perry C. Pike authorized the trustee to pay to each of his children (Isaac S., Pearson and Priscilla), the interest of $5,000 of the principal. After the decease of Pearson, Perry C. Pike in January, 1875, authorized the trustee to pay to the executors of Pearson the share of income Pearson would have received under the paper of March, 1874, if he were still living. In April, 1882, Perry C. Pike, his son. Isaac S. and daughter Priscilla and the executors of Pearson revoked the foregoing papers of 1874 and 1875, and authorized the trustee to divide the income of the whole principal among them as follows: one half to be paid to Perry C. Pike, and the other half thereof to be divided into three equal parts, one of which should be payable to the said Isaac S. Pike, another to the said Priscilla Pike, and the other to Isaac S. Pike and Joseph R. Johnson, executors of the last will and testament of Pearson Pike, deceased; and the income has been so divided until now, Perry getting one half, Isaac S. and Priscilla each a sixth, and the executors of Pearson getting a sixth, until Lizzie May Pike arrived at full age, since which time she got a sixth up to the time of her decease.

The said Pearson Pike died before his father, but after the death of John L. Pearson, and after the said land had been sold as above set forth and the fund raised, leaving to survive him a daughter, the said Lizzie May Pike. Perry C. Pike's other son and daughter are now living and are both of full age, but no other descendants. Pearson Pike died in 1874, having first made his last will and testament wherein and whereby he did give and devise as follows :

" Item. I give and bequeath to my said executors the annuity of three hundred dollars which I now receive from my father, in trust, to be paid to my said wife for the maintenance and education of my daughter Lizzie May Pike ; but if it shall not require the entire sum for that purpose, then the balance of the said three hundred dollars shall be placed at interest by my executors and paid to my daughter as they may see proper until she shall arrive at the age of twenty-one years, when they shall pay the whole principal sum and interest to her.

" Item. I give and devise to my said executors, all moneys or other property which I would receive at my father's decease if I were living, provided my father shall die before my daughter shall arrive at the age of twenty-one years, in trust, to be invested in good real estate security, and the interest thereof, or as much as may be necessary, shall be applied to the maintenance and education of my said daughter.

" Item. In case my said daughter shall not live to attain the age of twenty-one years, then it is my will and desire that that portion of my estate held in trust for her shall be divided between my legal heirs, share and share alike."

The will contains no residuary clause. The daughter, Lizzie May Pike arrived at the age of twenty-one years and died before Perry C. Pike, the life tenant, having first made and published her last will and testament dated July 25, 1895, and proved August 13, 1895, wherein she devised inter alia as follows :

" Item. I give and bequeath unto my mother, Elizabeth C. Ashenfelter, all the income I am now entitled to receive from the estate now in the hands of Thomas Lees, trustee, arising originally under the will of John L. Pearson, during the lifetime of my grandfather, Perry C. Pike. Upon the decease of my said grandfather, I give and devise my share of the princi-

pal of the said estate to John B. Hinkson, to be by him held in trust, safely invested, and the income therefrom paid semi-annually to my said mother, Elizabeth C. Ashenfelter, during her life. At her decease, I give and bequeath the principal to the Baptist Orphanage, at Angora, Pa. The interest from said principal may be used for such purposes as the authorities of the said orphanage may wish to apply it to, but the principal shall only be expended for buildings or other permanent improvements in the discretion of the authorities of said Orphanage.

"Item. All the rest, residue and remainder of my estate I give, devise and bequeath unto my said mother, Elizabeth C. Ashenfelter, absolutely."

Lizzie May Pike having died within one calendar month after the making of her said last will and testament, to wit, on August 2, 1895, unmarried and without issue, her mother and the mother's husband by declaration in writing dated October 14, 1895, duly acknowledged and recorded, after reciting the will of Lizzie May Pike as above set forth, then proceeded : —

"And whereas, by reason of the death of the said Lizzie May Pike, unmarried and without issue, within one calendar month after the making of her last will and testament, to wit, on the second day of August, in the year of our Lord one thousand eight hundred and ninety-five, the disposition of property made by the said above recited bequest and devise, became void according to the act of assembly in such case made and provided, and the property so as above recited goes to the residuary legatee named in the said last will and testament, to wit, her mother Elizabeth C. Ashenfelter ; and whereas it is the desire of the said Elizabeth C. Ashenfelter that the directions of her said daughter in the premises as expressed in her last will and testament shall be accomplished and fully carried out: Now, therefore, we, the above named Elizabeth C. Ashenfelter and Frank P. Ashenfelter, her husband, for and in consideration of the premises and of one dollar lawful money of the United States of America unto us in hand paid, the receipt of which is hereby acknowledged, have granted, conveyed, assigned, transferred and given, and do hereby grant, convey, assign, transfer and give unto John B. Hinkson, of the city of Chester, in the said county of Delaware, and to his heirs, executors, adminis-

trators and assigns, all the share of the said Elizabeth C. Ash-enfelter in the principal of the estate now in the hands of Thomas Lees, trustee, arising originally under the will of John L. Pearson, being the same principal and estate above set forth receivable at the death of the said Perry C. Pike, to be by the said John B. Hinkson held in trust, safely invested, and the income therefrom paid semi-annually to the said Elizabeth C. Ashenfelter during her life, and upon her decease the said principal to be conveyed, granted, paid, transferred and handed over to the Baptist Orphanage (now located in the city of Philadelphia, Pennsylvania), and its successors, being the same Baptist Orphanage mentioned in the above recited will as "at Angora, Pa.," the interest from the said principal to be used for such purposes as the authorities of the said orphanage may wish to apply it to, but the principal shall be expended only for buildings or other permanent improvements in the discretion of the authorities of the said Orphanage; and the said John B. Hinkson is hereby fully authorized to give any and every proper release, discharge and acquittance to the said Thomas Lees, trustee, or to whomsoever may be trustee at the time having the said property in charge."

Perry C. Pike having died since the decease of Lizzie May Pike, the said Thomas Lees has filed his account in the orphans' court of said county, and the same has been confirmed by the court, wherein he shows a balance of $27,630.62 of the principal of the said estate in his hands; one third of this sum is claimed by the plaintiff. The said account shows a balance of $594.14 of income in the said trustee's hands; one sixth of this sum is claimed by the plaintiff.

If the court shall be of the opinion that the said plaintiff is entitled to the one third of the said principal and to one sixth of the said income, then judgment shall be entered herein in favor of the plaintiff for the sum of $9,309.23 and costs; if the court shall be of the contrary opinion, then judgment to be entered herein for the defendant with costs, either party reserves the right to a writ of error, or appeal.

The court in an opinion by CLAYTON, P. J., entered judgment for plaintiff on the case stated.

*Error assigned* was in entering judgment on the case stated..

*E. H. Hall*, for appellant.—The interest of the children of Perry C. Pike did not vest until after his death, and therefore the plaintiff has no claim through the wills of Pearson Pike and his daughter to any part of the fund in question: Stewart's Est., 147 Pa. 383; 1 Fearne on Remainders, 373; Dunwoodie v. Reed, 3 S. & R. 435; McBride v. Smyth, 54 Pa. 245; List v. Rodney, 83 Pa. 492; Fairfax's App., 103 Pa. 170; Coggin's App., 124 Pa. 33.

*John B. Hinkson*, for appellee.—The children of Perry C. Pike had a vested remainder: Buzby's App., 61 Pa. 111; Mickley's App., 92 Pa. 514; Keller v. Lees, 176 Pa. 402; Smith on Executory Interests, 704*; Manderson v. Lukens, 23 Pa. 31; 1 Blackstone, Bk. 2, p. 168; Craige's App., 126 Pa. 232; 2 Williams on Executors, 1383.

OPINION BY MR. JUSTICE MCCOLLUM, May 17, 1897 :

This is an appeal from a judgment entered against the defendant in a case stated. It involves the construction of the eighth clause of the will of John L. Pearson, deceased, of whose estate the defendant is trustee. By the clause in question the testator devised the real estate therein described to Perry C. Pike during his life and after his death " to his lawful child or children and to their heirs and assigns." As it appears from the case stated that Perry C. Pike died leaving lawful issue, and that his sons, his daughter, and his granddaughter attained the age of twenty-one years, the principal question for our determination is when did the estate in remainder vest in his children. The defendant claims that it did not vest " until after his death," and the plaintiff claims that as Perry C. Pike had no children at the death of the testator it was contingent until the birth of a child to him, at which time it vested, subject to open and let in after born children and subject also to a contingency which might divest it.

It seems to us that the plaintiff's claim accords with the true interpretation of the devise and the decisions in like cases: Keller v. Lees, 176 Pa. 402; Blanchard v. Blanchard, 1 Allen (Mass.), 227. But it makes no difference in the result in this case whether the estate vested in the children at their birth or

on their attaining the age of twenty-one years. The contingency on the happening of which the estate might have passed, under the will, to the children of Price or of Smith was the death of the life tenant "without leaving lawful issue to survive him, or leaving such issue who should not live to the age of twenty-one years, nor their lawful issue." The contingency did not occur and, therefore, the only persons now interested in the estate or in the question when the remainder vested are the children of the life tenant and their heirs and assigns.

Perry C. Pike had three children who in his lifetime attained the age of twenty-one years. One of them, Pearson Pike, died in the lifetime of his father. He left to survive him a daughter who attained full age and died before the life tenant. The fund created by the sale, under the Price act, of the land devised as aforesaid, was in existence in the lifetime of Pearson Pike, and he was receiving interest by direction of his father on $5,000 of it. The fund was a substitute for the land sold. What was the interest of Pearson Pike in this fund? We think it was a vested interest which could not be divested, if at all, except by the occurrence of the contingency on which the devise over depended. The extent of the interest could not have been definitely ascertained at his death because it might be reduced by the birth of other children entitled to share in the fund. It was, however, a descendible and devisable interest.

The devise in question was to the lawful child or children of the life tenant and to their heirs and assigns. It was a devise to the whole class without restriction to the member or members who survived him. It was unlike the devise in any case cited by the defendant to sustain his contention that the interest of the children of Perry C. Pike did not vest until after his death. The contest for the fund being virtually between the devisee of the daughter of Pearson Pike and the surviving son and daughter of Perry C. Pike, there is no room for the application of the rule or principle for which Stewart's Estate, 147 Pa. 383, is cited as authority.

For the reasons above stated we concur in the conclusion of the learned court below that the plaintiff is entitled to one third of the principal, and one sixth of the income, as defined by the case stated.

Judgment affirmed.