# Benedict's Estate.

*Wills—Trust and trustees—Life estate—Remainderman—Children living at death of testator.*

Where a testator creates a life estate for a daughter by trust, and directs that after her death the trustees shall transfer the property held in trust "to such of the residuary legatees hereinafter named as may then be living share and share alike their heirs and assigns forever," and he gives to his sons and daughters, naming them, all of his residuary estate, or "to such of them as may be living at the time of my death......share and share alike their heirs and assigns forever," children of a child of the testator who died after the testator and before the life tenant are not entitled to share in the distribution of the corpus of the trust fund upon the death of the life tenant.

Submitted March 5, 1918. Appeal, No. 10, March T., 1918, by Herbert W. Ethel et al., from decree of O. C. Luzerne Co., No. 202, of 1880, dismissing exceptions to adjudication in Estate of Thomas Benedict, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication. FREAS, J., filed the following opinion:

The testator died July 11, 1880, leaving to survive him eleven children. One of these was Elizabeth Benedict, for whose benefit a trust was created by the will to last during her natural life. She died January 22, 1915, and the trust so created then terminated. The corpus of the trust estate is now before us for distribution to the remaindermen in accordance with the terms of testator's will. One of the children of testator, Thomas Benedict, Jr., preceded the life tenant in death, leaving to survive him three children, who are now living, and who claim that they are entitled to share in the distribution of the corpus of the trust fund.

The fourth paragraph of the will creates the trust and

ends as follows: "and after her (the life tenant's) death to transfer the property so held in trust as aforesaid to such of the residuary legatees hereinafter named as may then be living share and share alike their heirs and assigns forever."

The residuary legatees "hereinafter named" are mentioned in the sixth paragraph, which reads as follows:

"Sixth. I give, devise and bequeath to my sons and daughters, to wit: Anna Kyte, Elizabeth Benedict, George W. Benedict, Thomas Benedict, Jane Benedict Euth, Christina Benedict, Ella Benedict, Charlotte Benedict, Sarah Benedict, Rosa Benedict and Grace Benedict, or to such of them as may be living at the time of my death, all the rest and residue of my estate whatsoever and wheresoever, share and share alike, their heirs and assigns forever."

The intention of the testator is unmistakable. In the fourth paragraph he provides in language which cannot be misunderstood that after the death of the life tenant the corpus of the trust fund is to be transferred to such of the residuary legatees named in the sixth paragraph as may be living at the death of the life tenant.

The paragraph creating the trust disposes not only of the life estate in the trust property but also of the remainder in the property. The language of the sixth paragraph in no way relates to or controls the disposition of the trust property, except that the names of all the possible remaindermen are mentioned therein. But of these possible remaindermen only such are to take who fulfill the condition of this gift contained in the fourth paragraph, viz: that they survive the life tenant. The testator must have realized that one or more of his children, who are designated as residuary legatees, might not be living at the time of the life tenant's death, for the direction is to transfer the trust property "to such of the residuary legatees hereinafter named as may then be living."

Under the sixth paragraph all his children are named as residuary legatees, or such of them as may be living

51, (1918).] Assignment of Error—Opinion of the Court.

at the time of testator's death. As all were living at the time of testator's death, all his living children and the issue of deceased children would share in the distribution of testator's residuary estate. But there is no residuary estate to distribute, and we are distributing the remainder or corpus of the trust property to the remainder or corpus of the trust property to the remaindermen as provided by the fourth paragraph. It follows that the children of Thomas Benedict, Jr., deceased, do not share in the trust estate.

*Error assigned* was in dismissing exceptions to adjudication.

*J. N. Anderson, S. M. Parke* and *H. J. Mahon,* for appellant.

*Wm. W. Hall,* for appellees.

PER CURIAM, July 10, 1918:

While it is true that we must search for the intent of the testator only within the four corners of his will when we come to consider it and interpret its meaning, we must do so in the light of all the circumstances by which he was surrounded when he made it, and by which he was probably influenced: Hermann's Est., 220 Pa. 52. Where the words of the will are free from ambiguity and the intention is plainly manifest through the use of apt words, the courts will not attempt to reform the testator's disposition of his property by substituting their ideas for his in a distribution of his estate. The opinion of the court below satisfies us of the correctness of its conclusion in confirming the account and the statement of distribution made in the adjudication.

The decree is affirmed.