## Roop's Estate.

*Will—Construction—Vested and contingent estates.*

1. Where a testator bequeaths a fund which he describes as having been received and set aside by him in his lifetime for the family of a friend specially named, to a trustee to pay the net income thereof to four persons named, members of such family, and the survivors of them so long as any one of them may be living, and upon the death of all of them to pay the fund to another person named, also member of such family "if she be living, or her issue if she be deceased, and, in default of issue," to pay over the fund to such persons as would have taken from the friend himself "if he had lived till then and died intestate," the next of kin of the friend will take after the death of the four life tenants, if it appears that the legatee in remainder survived testator but died in the lifetime of the four life tenants.

2. In such case the interest of the legatee in remainder was contingent on her surviving all of the life tenants.

3. The purpose of the testator was to give the fund in question to members of his friend's family to the exclusion of all others, including residuary legatees, under the will of the legatee in remainder.

Argued March 27, 1922. Appeals, Nos. 358 and 359, by Rose D. Habersham and Antoinette W. Stephens, from decree of O. C. Phila. Co., July T., 1879, No. 82, dismissing exceptions to adjudication, in estate of Samuel W. Roop, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ. Affirmed.

Exceptions to adjudication of THOMPSON, J.

Exceptions dismissed in opinion by LAMORELLE, P. J. See 1 Pa. Dist. & Co. R. 107. Rose D. Habersham and Antoinette W. Stephens, residuary legatees under will of Anne Dorsey Washington, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*James C. Sellers,* for appellants.—The presumption of law is strongly in favor of a vested rather than a con-

tingent estate: Manderson v. Lukens, 23 Pa. 31; Womrath v. McCormick, 51 Pa. 504; Bache's Est., 246 Pa. 276; Hood v. Maires, 255 Pa. 128; Marshall's Est., 262 Pa. 145; Groninger's Est., 268 Pa. 184; McCauley's Est., 257 Pa. 377.

Groninger's Est., 268 Pa. 184, rules this case.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellee.—It is contended on behalf of the heirs of Warner F. Washington that the right of Anne Dorsey Washington to any portion of this fund, either in possession or enjoyment, was contingent and conditional upon her surviving the life tenants.

Testator's actual meaning and intention, not artificial rules of construction, should govern: Mulliken v. Earnshaw, 209 Pa. 226.

The presumption of vesting does not apply to the case at bar.

A conditional gift arising only from a direction to pay is contingent: Evans's Est., 264 Pa. 357; Rosengarten v. Ashton, 228 Pa. 389; Sternbergh's Est., 250 Pa. 167.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 24, 1922:

Samuel W. Roop, who died in 1867, stated in his will that he had set aside, during life, eight thousand dollars in an account, or book credit, designated by him as "The Washington Fund," consisting, as he says, of a "balance of my commissions as executor of the estate of my late partner and friend, Warner F. Washington." Testator further stated that he had already assigned the residue of these commissions in trust for the daughter of his late partner, adding: "this balance of commissions is not set apart from the rest of my estate or invested, but I have always, since I received it, intended to appropriate it, principal and income, for the benefit of Mr. Washington's family; so long as I live I can do this from time to time as I may deem best." Then testator provided as follows:

"Immediately upon and after my decease I direct my executors to take from my general assets, or estate, a sum equal to the balance of the said 'Washington Fund' at that time, whatever it may be, and pay it to the Pennsylvania Company for Insurances on Lives and Granting Annuities, to be received and held by them upon the following trusts, viz: In trust to divide or pay the net income of the same between Mrs. E. S. Washington, the mother, and Mary M., Rebecca C., and Louisa Washington, sisters of said Warner F. Washington, the survivor or survivors of them, so long as any one of them may be living; and upon the death of all of them, to pay the principal of the said sum to Anne Dorsey Washington, daughter of said Warner F. Washington, if she be living, or her issue, if she be deceased, and, in default of issue, to such person or persons as would then take the same from and under the said Warner F. Washington, if he had lived till then and then died intestate."

Anne Dorsey Washington died testate, without issue, in 1875, eight years after testator's death, survived by all the life tenants. Appellants are residuary legatees under her will, who, at the audit of the trustee's final account, filed after the death of the last of the life tenants, claimed the entire fund, on the ground that Anne Dorsey Washington, at the death of testator, took a vested interest in the principal of the fund, which passed to them under her will.

The auditing judge disallowed appellants' claim, holding that Anne Dorsey Washington's interest was contingent on her surviving all the life tenants, and, since she left no issue, he awarded the fund to those who would have been next of kin to Warner F. Washington, had he died on the date of the death of the last survivor of the life tenants. This award was affirmed by the court in banc; hence the present appeals.

In affirming the adjudication, the president judge of the court below well says that, in reading the will before us, two things must be kept in mind: (1) testator's ex-

pressed purpose to give the fund in question to the members of the Washington family, even to the exclusion of his own wife, in event of necessity for abatement; and (2) testator's direction that this particular fund was not "to be taken or used for any purpose other than as provided by the will." The learned judge correctly adds, "Testator was careful to carry out to the uttermost his desire to benefit the Washington family. Note the phrase with reference to Anne Dorsey Washington, 'if she be living'; can this mean anything else than if she should then, i. e., at the time fixed for payment to her, be in existence? Again, note the alternative gift to her issue, 'if she be deceased'; and, finally, note the further gift in the alternative, 'and, in default of issue,' to pay to others. Connote the gift to those who 'would *then* take the same,' had Warner F. Washington 'lived till *then* and *then* died intestate.' Could words more accurately express testator's thought as to this ultimate distribution of his estate among the members of the Washington family? No one, not even the daughter, Anne Dorsey Washington, could divert the fund by will. In short, the gift and the payment were to be treated as synchronized."

We agree with the court below that "The auditing judge could have done nothing other than award the fund to the next of kin of Warner F. Washington, as of the date of the death of the survivor of the four cestuis que trust, without violating both testator's purpose and his manifestly expressed intent; a different award would have diverted the fund from the Washington family, the one thing testator did not intend, even to the extent of depriving his own wife of any participation therein."

No necessity exists for discussion of rules of construction or citation of authorities; the will sufficiently speaks for itself.

The assignments of error are overruled and the decree is affirmed at cost of appellants.