## McGlinn's Estate.

Argued December 2, 1935. Before FRAZER, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

390

*John R. Umsted,* with him *Ralph B. Umsted,* for appellants.

*James P. McCormick,* with him *Catherine A. Donahue,* for appellees.

*John F. Headly* and *W. W. Montgomery, Jr.,* for trustees.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1936:

We are required in these appeals to construe two paragraphs of the will of John McGlinn, the fourth and the sixth. In order to make their construction and purpose simpler and more clear much of the wording will be elided.

The point for determination is whether John J. McGlinn, Jr., a son, took a vested or contingent interest in the share of the estate given in the first instance to a daughter, Regina, or, stated in a different way, whether John's children (the appellants) are the recipients of his share, since he predeceased Regina, which happens if the gift to him was contingent, or whether his executors are entitled to it, which is the case if the share vested in him. The orphans' court decided that John's interest was vested.

The fourth paragraph of the will reads: "Such part of the rest, residue and remainder of my estate as shall consist of [shares of stock in two corporations] I give and bequeath to my executors in trust [to collect the dividends and pay them over to his children, naming them, or to the issue of any who may be dead, until the expiration of five years from the date of his death]

whereupon I direct my said executors . . . to divide said shares of stock into as many equal portions as there may be children of mine then living . . . and thereupon to transfer and deliver to each of my said sons who shall have reached the age of thirty years [John, Jr., had reached that age] . . . his equal portion of said shares of stock . . . The share of any of my daughters who shall be living at the expiration of five years from my death shall be held for her by my said executors [in trust to collect the dividends and to pay them over to her]. In case of the death of any such daughter without leaving issue [Regina so died] her share of said property shall be assigned and transferred to such persons as would be entitled to my general residuary estate."

The sixth paragraph reads: "All the rest, residue and remainder of my estate . . . I give, devise and bequeath to my executors as trustees in trust to divide the said estate into as many equal parts as there may be children of mine then living, or the issue of any deceased child, the issue of any such deceased child, however, to take such share as his, her or their parent, if living, would have taken, and to pay over to each of my sons who shall then have reached the age of thirty years one of said equal shares of my said residuary estate . . . The principal of the share of each of my said daughters shall be held for her by my said trustees in trust . . . and in case she shall die without issue her said share shall become a part of my residuary estate and be distributed to such persons as are entitled to said residuary estate under the terms of this my will."

Briefly stated, the effect of these two paragraphs was that, on the death of the daughter Regina, who survived the testator, and died without issue, her share passed to the persons entitled to the residuary estate. This is so under both paragraphs. Regina died May 18, 1934, without issue. John McGlinn, Jr., died March 10, 1932,

leaving a will appointing executors and a widow and three children.

To sustain their position that John, Jr.'s, interest in Regina's share was contingent and did not vest in him but passed to his children, their counsel rely largely upon Rosengarten v. Ashton, 228 Pa. 389, Feeney's Est., 293 Pa. 273, Scott's Est., 301 Pa. 509, and the principle therein referred to that where a direction in a will to pay or divide constitutes the bequest, there is a postponement of the vesting itself as well as of the possession or enjoyment of the interest.

We think it cannot be maintained that John, Jr., did not take a vested interest in the residue of the estate. The will provided that the residue should be divided among the testator's children, the sons, if thirty years of age, to receive their shares absolutely. The law favors the vesting of legacies as soon as possible, and a legacy will always be regarded as vested rather than contingent unless the language of the will plainly indicates that the testator had a different intention: Neel's Est., 252 Pa. 394. Hence a remainder contingent upon the remainderman attaining a certain age vests immediately when he reaches that age: Hinkson v. Lees, 181 Pa. 225. The contingency here fixed—attaining by John, Jr., of the age of thirty—occurred, and from that moment his share of the residue was vested. As was stated by the court below: "By the residuary clause the testator gave the shares of sons to them absolutely at the age of thirty years. The only mention of a substitutionary gift to issue, was if a son died in the testator's lifetime, or before attaining the age of thirty. John McGlinn was living at testator's death, and at that time was thirty years of age. Neither of the events upon which issue was to take occurred. There is no provision in the residuary clause which calls for a further substitution of issue. All contingencies were resolved in favor of a son who had attained the age of thirty years."

Since John, Jr.'s, interest in the residue was thus vested, he was absolutely entitled to his proportionate share of any augmentation of the residue that might occur, such as the addition thereto of the stock held in trust for Regina. His interest therein was a vested one, subject to be defeated should Regina die leaving issue, as the testator provided: Packer's Est. (No. 2), 246 Pa. 116. His interest in the residue being thus a vested property right, it passed at his death to his executors, unaffected by the fact that he predeceased Regina,—and hence the time when her trust estate was to be distributed to the remaindermen. The will annexed 'no conditions to the vesting of a share of the residue in John, Jr., other than the one of age which was met, nor were there any provisions requiring him to be alive at the death of Regina in order to share in the division of the estate placed in trust for her. The instant case is, on its facts, very similar to Neel's Est., supra. There, as here, the residue was willed to persons in being who took vested interests therein; there was likewise given by the will a life interest in a trust estate, the principal thereof to fall into the residue unless the life tenant left issue, in which case the trust res was to be distributed to the issue of the life tenant. The latter died without issue, and we held that the legal representatives of one of the remaindermen who had predeceased the life tenant were entitled to receive his share of the life estate which had fallen into the residue. That decision is controlling here.

We think it profitless to discuss the many cases dealing with questions of vested and contingent remainder, many of which are cited in the briefs. "Precedents are of little value in the construction of wills, because, when used under dissimilar circumstances and with different context, the same words may express various intentions": Scott's Est., 301 Pa. 509, 512. It may not, however, be amiss to point out what was said long ago in Manderson v. Lukens, 23 Pa. 31, 33: "The question of vested or contingent is not to be tested by the certainty

or uncertainty of obtaining the actual enjoyment; for that would make the character of the estate depend, not upon the terms of its creation, but on the form of the result. . . . If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. An unpossessed estate is vested, if it is certain to take effect in possession, by enduring longer than the precedent estate." At all times after the death of the testator there was a present right in the residuary legatees to a future possession of the fund held in trust for Regina and this right would always exist until actually divested by the contingency provided in the will, namely, the death of Regina with issue.

The decree is affirmed at appellants' cost.