## Schmalzried's Estate

*Daniel Marcu*, for exceptants.
*Henry Birck*, contra.

VAN DUSEN, J., February 21, 1936.—Presumptions in favor of the heir, and in favor of vested estates as against contingent estates, and in favor of vesting at the death of the testator are all intended only for cases in which the testator's meaning cannot be deduced from his words.

Words are sometimes ambiguous, and are sometimes used without knowledge as to their meaning, or without due thought as to their meaning or lack of meaning in the particular case.

In the present case the testator has avoided the common error of failing to make it clear at what period the remaindermen are to be determined. Upon the marriage or death of the widow he has directed: "then the rest residue and remainder of my estate shall be sold by my executors or the survivor of them and the proceeds thereof shall be equally divided share and share alike between all of my children living at the time." It is impossible to misunderstand this, or to overcome it by the use of presumptions. In Benedict's Estate, 70 Pa. Superior Ct. 51, it was held that a bequest "to such of the residuary

legatees hereinafter named as may then be living" (referring to the death of a life tenant) was a gift to such of the residuary legatees as might then be living. The same is the effect of Carstensen's Estate, 196 Pa. 325, in which there was a gift to brothers and sisters after a life estate and to the children of any "who may then be dead" who were to receive the parent's share.

The exceptions are dismissed and the adjudication is confirmed absolutely.