## Lloyd's Estate

*R. M. Remick*, of *Saul, Ewing, Remick & Saul*, for exceptant.

*John Russell, Jr.*, of *Morgan, Lewis & Bockius*, contra.

VAN DUSEN, J., November 6, 1936.—Testator gave the residue in trust for his wife for life, and then directed "at and after the decease of my said wife, then in trust to be equally divided between my children and the issue of any deceased child as they respectively arrive at the age of twenty-one years, share and share alike", the issue

to take the share of the deceased child, and income to be paid to children and grandchildren during their respective minorities. One of the children died before the life-tenant, leaving no issue, and the auditing judge awarded his share to his personal representative, subject to assignments which he had made in his lifetime.

The burden of exceptant's argument rests upon the use of the word "divide". In Carson's Estate, 16 D. & C. 99, we said:

"We see no implication that the beneficiary must survive to receive the gift in person, whether the disposing verb be 'pay,' 'divide,' 'transfer,' 'give,' 'bequeath,' 'distribute' or any other like word, unless there be something else in the will by which the word is to be so interpreted."

We followed this conclusion in Buckman's Estate, 13 D. & C. 653; Ingham's Estate, 17 D. & C. 251; Lukens' Estate, 17 D. & C. 297; Stocker's Estate, 21 D. & C. 637; McGlinn's Estate, 22 D. & C. 687.

In the last mentioned case our judgment was affirmed: McGlinn's Estate, 320 Pa. 389. The opinion of the Supreme Court notices the contention which was then made, and is now made, but does not deal specifically with it.

Exceptant argues also that the legacies to children are contingent because there is a substitutionary gift to the issue of deceased children. There is a contingency here for those who die leaving issue, although it is still uncertain whether the contingency is to be performed in the lifetime of testator or during the life tenancy, but there is no contingency expressed for those who die without issue. The contingency is in the form of a substitution, and it cannot be carried by implication from the event as to which it is expressed to the event as to which it is not expressed. How could it be, for there is no one to substitute. See Carstensen's Estate, 196 Pa. 325.

The exceptions are dismissed and the adjudication is confirmed absolutely.