## Rubicam's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*J. Horace Churchman* of *Drinker, Biddle & Reath,* for exceptant.

*Murray H. Spahr, Jr.,* and *Frederick V. Hebard,* of *Clark, Hebard & Spahr,* and *Palmer Watson,* contra.

HUNTER, J., November 12, 1943.—Testator was survived by seven children to whom he gave the income of his estate for life, with remainder to their issue respectively. As to the original shares which issue were to take upon the deaths of their parents, it is clear from the terms of the will that the interests of the issue were contingent upon their surviving their parent and attaining the age of 21. Five of the children left issue who fulfilled these requirements of survivorship. Their interests thereupon vested and were awarded to them by prior adjudications of this court.

Two of testator's children survived the others. They now have died without issue and their shares are before the court for distribution. The will provides that upon their deaths without issue their shares shall accrue:

". . . to my children then living and the issue of any such of my children as may then be deceased their heirs, executors, administrators and assigns in equal parts as tenants in common such issue taking such part and share only as his her or their deceased parent or parents would have taken if living. So however that the part and share of my children therein and so accruing as last aforesaid shall be held by my said trustee for their use respectively for life with remainder to their respective children in fee under the same trusts provisions and limitations as are above made to apply to their original shares."

We construe this language to mean that the accruing shares shall pass to testator's other children and their issue subject to the same limitations as their original shares. If the original shares had vested in issue, then accruing shares also were vested. In other

words, the intention of the testator was not to make new gifts to children and issue, subject to new conditions and contingencies, but merely to augment or enlarge the original gifts. See McGlinn's Estate, 320 Pa. 389.

In further support of vested interests in the issue it should be noted that testator used the words "then living" after the word "children", and omitted them after the word "issue". In Bomberger Estate, 347 Pa. 465, Mr. Justice Allen M. Stearne, speaking for the Supreme Court, said (p. 470):

" 'When a condition of survival to the time of distribution has been annexed to the gifts to the first takers, but not to the gifts to the substituted beneficiaries, the condition is not to be implied with respect to the latter' . . . The condition of survival to a fixed time is never *implied*. Such condition must appear plainly, manifestly and indisputably . . ."

A similar conclusion was reached by this court in Evans' Estate, 5 D. & C. 551.

A further question remains. The gift to "issue" is coupled with a direction that they shall take the share of their deceased "parent". This reference to the "parent" is not sufficient to restrict "issue" to mean "children": Vanderbilt's Estate, 12 D. & C. 27; A. L. I. Restatement of Property 1545, §292, com. *f.* Emma Paul, a daughter of testator, died April 22, 1915, leaving to survive her as her sole issue a grandchild, Charles R. Paul, Jr., the son of a deceased child. He is entitled as "issue" to the share which his grandparent would have taken if living.

The above authorities and others are cited and discussed by the learned auditing judge in an elaborate and painstaking adjudication, and we can find no error in his conclusions.

The exceptions are dismissed, and the adjudication is confirmed absolutely.